David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*SHANNAN R. ALSTON*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SHANNAN R. ALSTON, | : Civil Action No.: |
| Plaintiff, | : |
| v. | : **COMPLAINT FOR DAMAGES** |
| | : **PURSUANT TO THE FAIR** |
| EQUIFAX INFORMATION | : **CREDIT REPORTING ACT, 15** |
| SERVICES, LLC, NATIONSTAR | : **U.S.C. § 1681, ET SEQ.** |
| MORTGAGE LLC, | : |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting.  Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. SHANNAN R. ALSTON ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and NATIONSTAR MORTGAGE LLC

("NATIONSTAR") or jointly as ("Defendants") with regard to erroneously reporting derogatory credit information and then deleting/suppressing positive credit information thereby depriving Plaintiff of the benefit to her credit score and/or credit report of having made timely mortgage payments every month over the course of several years.

4. Defendants failed to properly investigate Plaintiff's disputes and failed to properly update Plaintiff's credit report to be accurate thereby damaging Plaintiff's creditworthiness.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

6. This action arises out of each Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Equifax has a

registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

8. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Defendant NATIONSTAR MORTGAGE LLC is a corporation doing business in the State of Nevada.

10. Defendant NATIONSTAR MORTGAGE LLC is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

11. Defendant Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Georgia.

12. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## GENERAL ALLEGATIONS

13. On 1/10/2011, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 *et seq*. Plaintiff's case was assigned Case Number 11-10345-mkn (the "Chapter 13" or "Bankruptcy").

14. The obligations to all creditors or their predecessors in interest were scheduled in the Bankruptcy.

15. At the time of the filing of the Bankruptcy, the Plaintiff owned a home at 5118 Crystal Cavern Way, Las Vegas, Nevada 89031 (the "Property").

16. The Property was secured by a mortgage.

17. The mortgage on the Property was serviced by BAC Home Loans Servicing ("BAC").

18. All creditors, including BAC, were scheduled in the Bankruptcy and received notice of the Bankruptcy as indicated below. See ECF No. 1 of

Case Number 11-10345.

```
Account No. xxxxx9599          Opened 12/01/05  Last Active 7/29/10
                               First Mortgage
Bac Home Loans Servici         Single Family Home
450 American St                5118 Crystal Cavern Way
Simi Valley, CA 93065       J  Las Vegas, NV 89031
                               Second to be avoided
                               Value $              120,000.00
```

19. BAC did not file any proceedings to declare its debt "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

20. BAC did not obtain relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq*. while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any *personal* liability.

21. On April 26, 2011, the Plaintiff's Chapter 13 Plan was confirmed (the "Confirmed Chapter 13 Plan" or "Confirmation Order"). See ECF No. 30 of Case Number 11-10345.

22. A confirmed plan constitutes a new contract between the debtor and creditors and a creditor's rights are defined by the confirmed plan. Consequently, a pre-petition claim provided for in a confirmed plan is no longer a pre-petition claim. The claim is a right to payment arising from the confirmed plan. *Padilla v. Wells Fargo Home Mortg., Inc. (In re Padilla)*, 379 B.R. 643, 649, 2007 Bankr. LEXIS 2655, *1 (Bankr. S.D. Tex. 2007).

23. Plaintiff made all payments in accordance with her Confirmed Chapter 13 Plan, including all monthly mortgage payments on the Property, as required under the terms of the Confirmed Chapter 13 plan.

24. On August 4, 2014, Nationstar Mortgage, LLC. ("NATIONSTAR") filed a Notice of Postpetition Mortgage Fees, Expenses and Charges regarding the Property.

25. On April 11, 2016, a Notice of Final Cure Payment was entered by the Trustee regarding the BAC mortgage for the Property.   See ECF No. 91 of Case Number 11-10345.

The amount required to cure the default in the claim listed below has been paid in full.

**Final Cure Amount**

| Court Claim # | Name of Creditor Account Number Property Address | | Claim Allowed | Amount Paid by Trustee |
|---|---|---|---|---|
| | BAC HOME LOAN SERVICING LP xxxxx9599 5118 CRYSTAL CAVERN WAY, LV, NV 89031 | Direct by Debtor | $0.00 | $0.00 |

**Monthly Ongoing Mortgage Payment**

Mortgage is Paid:   __ By the Chapter 13 Trustee          X Direct by the Debtor

26. On June 17, 2016 the trustee filed a Chapter 13 Final Account and Report certifying that the bankruptcy estate had been administered and/or the Plaintiff completed all payments under the Confirmed Plan including those to NATIONSTAR as indicated below.  See ECF No. 93 of Case Number 11-

10345.

| 15 | NATIONSTAR MORTGAGE LLC | DOC | 00090 | RESIDENCE MORTG FEES/CHGS PRE PET | 850.00 | 0.00 | 0.00 |

27. Neither BAC nor NATIONSTAR filed any proceedings to declare their debts "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

28. Neither BAC nor NATIONSTAR obtained relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any *personal* liability.

29. Accordingly, all Plaintiff's debts (including those to BAC and NATIONSTAR) were paid according to the Confirmed Chapter 13 Plan as evidenced by Plaintiff's Bankruptcy discharge which she received on 8/08/2016. See ECF No. 98 of Case Number 11-10345.

30. While the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for any of the creditor-defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

31. However, NATIONSTAR and Equifax either reported or caused to be reported inaccurate information after the Plaintiff filed for Bankruptcy and after the Confirmed Chapter 13 Plan as discussed herein.

32. NATIONSTAR and Equifax's reporting post-Bankruptcy derogatory information was patently false and seriously misleading because

NATIONSTAR furnished patently false information about the mortgage on the Property (which Equifax reported) and then Equifax and/or NATIONSTAR re-reported inaccurate and misleading information about the mortgage on the Property to Plaintiff's detriment as explained more fully below.

33. Specifically in an Equifax credit report dated June 18, 2017, Equifax reported past due balances for the NATIONSTAR mortgage (Account No. 61222) during the bankruptcy (when there were no balances past due).

34. Then, after Plaintiff sent a dispute to Equifax disputing the NATIONSTAR mortgage trade line, NATIONSTAR and/or Equifax chose to report inaccurately (in a different but equally harmful way) by deleting/suppressing the positive credit reporting.

35. In effect, the Plaintiff was punished for disputing the inaccurate reporting by losing the benefit of all her timely monthly mortgage payments and causing her credit report to be materially misleading as discussed more fully below.

36. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

...

# THE EQUIFAX VIOLATIONS

## Re: NATIONSTAR Mortgage Account No. 61222

## Equifax Failed to Reasonably Investigate Plaintiff's Written Dispute but Instead Deleted/Suppressed Positive Credit Information Regarding Plaintiff's Monthly Mortgage Payments to Plaintiff's Detriment

37. In an Equifax credit report dated June 18, 2017, Equifax reported inaccurate information for multiple accounts as further discussed herein.

38. Specifically, the NATIONSTAR account was inaccurately indicating (as shown below) past due balances even though Plaintiff was current (and never past due) with any of her mortgage payments to NATIONSTAR since filing for Bankruptcy.

Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 02/17 | No Data Available | | | | | | | | |
| 01/17 | No Data Available | | | | | | | | |
| 12/16 | No Data Available | | | | | | | | |
| 11/16 | No Data Available | | | | | | | | |
| 10/16 | No Data Available | | | | | | | | |
| 09/16 | No Data Available | | | | | | | | |
| 08/16 | No Data Available | | | | | | | | |
| 07/16 | No Data Available | | | | | | | | |
| 06/16 | No Data Available | | | | | | | | |
| 05/16 | $224,941 | $1,746 | $8,986 | 5/1/2016 | $258,300 | | $1,986 | Conventional Re Mortgage | |
| Additional Information: Bankruptcy Chapter 13; Bankruptcy Petition; Fixed Rate | | | | | | | | | |
| 04/16 | $225,984 | $1,746 | $1,880 | 3/1/2016 | $258,300 | | $2,239 | Conventional Re Mortgage | |
| Additional Information: Bankruptcy Chapter 13; Bankruptcy Petition; Fixed Rate | | | | | | | | | |
| 03/16 | No Data Available | | | | | | | | |
| 02/16 | $227,016 | $1,746 | $1,760 | 1/1/2016 | $258,300 | | $2,312 | Conventional Re Mortgage | |

10

39. On or about October 23, 2017, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Equifax's reported information regarding misreported trade lines by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Equifax.

40. Specifically, on October 23, 2017 Plaintiff mailed a written dispute, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting disputed inaccurate and incorrect derogatory information be corrected as indicated by the relevant portion of the letter below.

> **Nationstar Mortgage, Account No. 61222**
>
> My credit report shows you are inaccurately reporting past due balances from October 215, February 2016, April 2016 and May 2016 on this account. Specifically, you show a past due balance in the amount of $1,225 in October 2016, $2,312 in February 2016, $2,239 in April 2016 and $1,986 in May 2016. I was current with all obligations required to Nationstar Mortgage at that time. As such, the past due balances are inaccurate.

41. Equifax was required to conduct an investigation into the disputed accounts pursuant to 15 U.S.C. §1681i.

42. Upon information and belief, upon receiving the Equifax Dispute Letter, Equifax timely notified NATIONSTAR of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

43. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

44. On or about November 10, 2017, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 7314040498) that

NATIONSTAR and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "Updated".

45. A reasonable investigation by Equifax and NATIONSTAR would have indicated that Plaintiff was current with all her payments to Nationstar after filing Chapter 13 and the account should have been reporting as current.

46. NATIONSTAR and Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) (as to NATIONSTAR) and/or 1681i(a) (as to both Equifax and NATIONSTAR) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

47. Equifax and NATIONSTAR failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. §§ 1681s-2(b)(1)(B) and 1681i(a), respectively.

48. NATIONSTAR and/or Equifax, instead of correcting the inaccuracies, took the easy way out and NATIONSTAR and/or Equifax chose (to the detriment of the Plaintiff) to suppress/delete all the positive monthly mortgage payment history as indicated in the Reinvestigation Report below:

49. Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

50. Due to Equifax's failure to reasonably investigate Plaintiff's dispute, it deprived the Plaintiff of the benefit of all the positive monthly mortgage payment history thereby causing the reporting to be misleading and inaccurate for different reasons (but equally detrimental reasons) than in the Equifax credit report dated June 18, 2017.

51. Equifax's failure to properly report the NATIONSTAR trade line is further evidenced by how Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("TransUnion") accurately corrected the trade lines (and did not suppress or delete the positive reporting information) upon receipt of Plaintiff's dispute letters to them.

52. Experian corrected the NATIONSTAR mortgage trade line to indicate the following:



53. Similarly, TransUnion corrected the NATIONSTAR mortgage trade line to indicate the following:



54. As one can plainly see both Experian and TransUnion accurately corrected the NATIONSTAR mortgage trade lines (and did not suppress or delete the positive reporting information) upon receipt of Plaintiff's dispute letters to them.

55. Equifax should have, but did not, do the same.

14

56. Equifax's reporting the above-referenced (initially patently false) derogatory information and then (after an alleged investigation) reporting seriously misleading information constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and re-reported has the tendency to confuse ordinary consumers like Plaintiff.

57. Plaintiff's efforts to correct Equifax's and NATIONSTAR's erroneous, negative and misleading reporting of the NATIONSTAR mortgage debt for the Property were fruitless.

58. Equifax's and NATIONSTAR's continued inaccurate and misleading reporting of the mortgage debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

59. Also as a result of and Equifax's and NATIONSTAR's continued inaccurate and misleading reporting, Plaintiff has suffered actual damages, including without limitation credit denials, fear of credit denials, out-of-pocket expenses in challenging the Defendant's wrongful representations, damage to his creditworthiness, and emotional distress.

60. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, NATIONSTAR and Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and/or (E), 1681i(a) and 1681e(b), respectively.

61. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

64. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

65. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

…

…

## TRIAL BY JURY

66. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 9, 2018

                          Respectfully submitted,

                          By  /s/ David H. Krieger, Esq.

                          David H. Krieger, Esq.
                          Nevada Bar No. 9086
                          HAINES & KRIEGER, LLC
                          8985 S. Eastern Ave., Suite 350
                          Henderson, NV 89123
                          Phone: (702) 880-5554
                          FAX: (702) 385-5518
                          Email: dkrieger@hainesandkrieger.com

                          Attorney for Plaintiff
                          *SHANNAN R. ALSTON*